Honorable Robert T. Jarvis Grayson County Attorney Justice Center Sherman, Texas 75090
Re: Applicability of House Bill 1434, Acts 1989, 71st Leg., ch. 1250, at 5046, which relates to purchasing by local units of government, to county attorneys, and related questions (RQ-1881)
Dear Mr. Jarvis:
You ask whether section 140.003 of the Local Government Code is applicable to the county attorney of Grayson County. You also ask whether a "skilled carpenter" comes within the "professional service" exception to the competitive bidding requirements of section 262.023 of the Local Government Code.
Section 140.003, as enacted by House Bill 1434, see Acts 1989, 71st Leg., ch. 1250, § 1, eff. Sept. 1, 1989, provides in pertinent part:
(a) In this section, `specialized local entity' means:
(1) a district or criminal district attorney;
 (2) a juvenile board, juvenile probation office, or juvenile department established for one or more counties; or
 (3) an adult probation office or department established for a judicial district.
 (b) A specialized local entity shall purchase items in accordance with the same procedures and subject to the same requirements applicable to a county under Subchapter C, Chapter 262 [Local Gov't Code § 262.021 et seq.]. For the purposes of this section, a specialized local entity is treated as if it were a county. A specialized local entity may make a contract with a county under which the county performs purchasing functions for the entity.
Section 262.023 of the Local Government Code requires a county to comply with specified competitive bidding or competitive proposal procedures before purchasing or otherwise acquiring one or more items under a contract that will require an expenditure exceeding a specified amount. Section 140.003 mandates that certain offices coming within the definition of "specialized local entity" purchase items in accordance with the same procedures applicable to counties.
The county attorney performs the duties of a district attorney in Grayson County and is subject to the provisions of the Professional Prosecutors Act. Gov't Code § 46.002. The office of county attorney is not one of the offices included in the definition of "specialized local entity" in section 140.003 of the Local Government Code. The fact that the county attorney performs the duties of a district attorney does not constitute the county attorney "a district or criminal district attorney." Consequently, the county attorney does not come within the definition of "special local entity" as that term is defined in section 140.003.
In your second question you ask us to assume that the "specialized local entity" provision applies in determining whether a "skilled carpenter" comes within the "professional service" exception to the competitive bidding requirements of section 262.023. You do not provide any information regarding the work required to be performed by the carpenter.
Section 262.023(a) of the Local Government Code, as amended by House Bill 1434, raised the amount of expenditure by a county to an amount exceeding $10,000 (previously $5,000) before the competitive bidding requirements become applicable. Included in the items exempt from the competitive bidding process listed in section 262.024 of the Local Government Code is a "professional service." Local Gov't Code § 262.024(a)(4).
The question of whether a contract for the services of a skilled carpenter is a contract for a "professional service" is a fact question that must be decided on a case-by-case basis. We cannot answer fact questions in the opinion process, but we can provide guidelines to use in determining whether the contract in question is a contract for "professional service."
In Attorney General Opinion JM-940 (1988) the matter of what constitutes "professional services" under section 21.907 of the Texas Education Code was considered. In Attorney General OpinionJM-940 it was stated:
 Section 21.907 does not define the phrase `professional services.' The courts have not adopted a universal definition of the term; however, several cases suggest that it comprehends labor and skill that is `predominantly mental or intellectual, rather than physical or manual.' Maryland Casualty Co. v. Crazy Water Co., 160 S.W.2d 102 (Tex.Civ.App.-Eastland 1942, no writ). It no longer includes only the services of lawyers, physicians, or theologians, but also those members of disciplines requiring special knowledge or attainment and a high order of learning, skill, and intelligence. See Attorney General Opinion MW-344
(1981); Black's Law Dictionary 1089-90 (5th ed. 1979) (definition of `profession').
Accordingly, this question must be determined on a case-by-case basis.
 SUMMARY
The County Attorney of Grayson County is not a "specialized local entity" as that term is defined in section 140.003 of the Local Government Code. The question of whether a "skilled carpenter" comes within the "professional service" exception to the competitive bidding requirements of section 262.023 of the Local Government Code is a fact question that cannot be resolved in the opinion process.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General